**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|  |  |
|---|---|
| EMILY THOMAS | ) )<br>)<br>) **Case No.**<br>**Plaintiff,** ) |
| **Plaintiff,** | ) |
| v. | ) **NOTICE OF REMOVAL OF CIVIL**<br>) **ACTION** |
| **FEDERAL HOME LOAN MORTGAGE**<br>**CORPORATION** | ) (12 U.S.C. § 1452(f) and 28 U.S.C. §§ 1442<br>) and 1446) |
| **Defendant.** | ) ) |

**TO THE CLERK OF THE COURT:**

**PLEASE TAKE NOTICE** that Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac"), hereby removes the above-captioned case, currently pending in the Circuit Court for Fairfax County, Virginia under Case No. CL-2025-0009887, to the United States District Court for the Eastern District of Virginia, pursuant to 28 U.S.C. § 1446 and 12 U.S.C. § 1452(f), which, *inter alia*, incorporates by reference 28 U.S.C. § 1442.  In support of this removal, Freddie Mac states the following:

1.      On or about July 7, 2025, Plaintiff Emily Thomas commenced an action in the Circuit Court for Fairfax County in the Commonwealth of Virginia, styled *Emily Thomas v. Federal Home Loan Mortgage Corp.*, case no. CL-2025-0009887 (the "State Court Action"). Plaintiff's initial complaint was not served on Freddie Mac.  On or about October 29, 2025, Plaintiff filed a Motion for Leave to File Amended Complaint in the State Court Action. Plaintiff mailed a copy of the Motion to Freddie Mac by U.S. mail, which was received in the

13813490v1

Freddie Mac mailroom on November 4, 2025.  On November 12, 2025, Plaintiff's Motion was granted and Plaintiff's First Amended Complaint was entered in the State Court Action.  On December 3, 2025, Plaintiff served Freddie Mac with the summons and First Amended Complaint for the State Court Action.  Attached hereto as Exhibit 1 is a true and complete copy of the First Amended Complaint for the State Court Action.  Exhibit 1 includes all the process, pleadings, and orders that have been served on Freddie Mac in the State Court Action to date, as well as any other documents available from the docket.

2.       Freddie Mac is a corporate entity created by the United States of America, organized and existing under the terms of the Emergency Home Finance Act of 1970, Pub. L. No. 91-351, 12 U.S.C. §§ 1451-1459, as amended by the Financial Institutions, Reform, Recovery and Enforcement Act, Pub. L. No. 101-73, 103 Stat. 183 (1989), with its principal place of business in McLean, Virginia.  *See* 12 U.S.C. § 1451, *et seq.*  Freddie Mac has independent statutory authority for removal, *see* 12 U.S.C. § 1452(f)(3), and is deemed to be an agency of the United States, included in 28 U.S.C. § 1442, for purposes of removal.  *See* 12 U.S.C. § 1452(f)(1).

3.       Section 1452 of Title 12 of the United States Code provides, in pertinent part:

> . . . [Freddie Mac] shall be deemed an agency included in sections 1345 and 1442 of Title 28; . . .

And further provides:

> Any civil or other action, case or controversy in a court of a State, or in any court other than a district court of the United States, to which [Freddie Mac] is a party may at any time before the trial thereof be removed by [Freddie Mac], without the giving of any bond or security, to the district court of the United States for the district and division embracing the place where the same is pending . . . by following any procedure for removal of causes in effect at the time of such removal.

2

12 U.S.C. § 1452(f)(1) and (3).

4.    Freddie Mac is a party to the State Court Action and trial of the State Court Action has yet to take place.

5.    Pursuant to Local Civil Rule 3, the Alexandria Division is the appropriate division of the United State District Court for the Eastern District of Virginia for cases removed from Fairfax County.

6.    A Notice of the Filing of this Notice of Removal will be timely filed with the clerk of the state court in which the State Court Action is pending and served on the parties pursuant to 28 U.S.C. § 1446.

7.    Pursuant to 12 U.S.C. § 1452(f), no bond or security is required in connection with this removal.

8.    In the event Plaintiff seeks to remand this case, or the Court considers remand, Freddie Mac respectfully requests the opportunity to submit additional argument or evidence to demonstrate its right to removal, if and as necessary.

**WHEREFORE**, based upon the foregoing, Freddie Mac has complied with all applicable terms of 28 U.S.C. § 1446 and 12 U.S.C. § 1452 and is entitled to removal of the State Court Action to this Court.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1442 and 1446 and 12 U.S.C. § 1452(f).

**[signatures on following page]**

3

13813490v1

Dated: December 3, 2025     Respectfully submitted,

<u>/s/ Maureen R. Knight</u>
Maureen R. Knight, Esq. (VSB 47053)
Mariah A. Henry, Esq. (VSB 97022)
Constangy, Brooks, Smith & Prophete, LLP
12500 Fair Lakes Circle, Suite 300
Fairfax, Virginia 22033
Telephone, M. Knight: (571) 522-6106
Telephone, M. Henry: (571) 522-6107
Facsimile: (404) 525-6955
mknight@constangy.com
mhenry@constangy.com

*Attorneys for Defendant Federal Home Loan*
*Mortgage Corporation*

4

13813490v1

**CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2025, I have caused to be placed in the United States Mail, postage prepaid, a true and correct copy of the foregoing **NOTICE OF REMOVAL** to counsel for Plaintiff:

Broderick C. Dunn
Dunn Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030


/s/ Maureen R. Knight
Maureen R. Knight, Esq. (VSB 47053)
Constangy, Brooks, Smith & Prophete, LLP
12500 Fair Lakes Circle, Suite 300
Fairfax, Virginia 22033
Telephone: (571) 522-6106
Facsimile: (404) 525-6955
mknight@constangy.com

Attorney for the Federal Home Loan
Mortgage Corporation

13813490v1